# United States District Court
# Central District of California

| | |
|---|---|
| SEAN STODDARD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY; and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants. | Case №. 5:20-cv-00386-ODW (KKx)<br><br>**ORDER GRANTING MOTION TO REMAND [8]; AND DENYING AS MOOT MOTION TO DISMISS AND MOTION TO STRIKE [6][7]** |

## I.　INTRODUCTION

On February 26, 2020, Defendant Philadelphia Indemnity Insurance Company ("Defendant") removed this action based on diversity jurisdiction. (Notice of Removal ¶¶ 3–5, ECF No. 1.) Plaintiff Sean Stoddard moves to remand, arguing that Defendant's removal is untimely ("Motion"). (*See* Mot. to Remand ("Mot."), ECF No. 8.) After reviewing the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the Court **VACATES** the hearing on April 13, 2020. For the reasons discussed below, the Court **GRANTS** Stoddard's Motion and **REMANDS** this matter to the Superior Court of California, County of Riverside.

## II. BACKGROUND

This case concerns the theft of a classic car, the subsequent insurance claim, and the resulting alleged breach of insurance contract. On October 2, 2017, Stoddard bought a classic car. (Notice of Removal, Ex. B ("First Am. Compl.") ¶ 11, ECF No. 1-2.) On October 4, 2017, he requested that Defendant add the new vehicle to his Collector Vehicle Insurance Policy, which Defendant did the next day. (First Am. Compl. ("FAC") ¶¶ 8, 13–14.) Under the policy, the vehicle was valued at $120,000. (FAC ¶ 13.)

On October 6, 2017, Stoddard took the vehicle to Las Vegas for a car show. (FAC ¶ 15.) The vehicle was stolen in Las Vegas on October 9, 2017. (FAC ¶ 16.) Stoddard immediately reported the theft, a loss under the policy, to Defendant. (FAC ¶¶ 10, 17.) Defendant investigated Stoddard's claim and, despite continuing to dispute issues respecting the vehicle's title, sent Stoddard a check for $30,000 in December 2018. (Compl. ¶¶ 19–20.)

On October 10, 2019, Stoddard initiated this action in the Superior Court of California, County of Riverside. (*See* Notice of Removal Ex. A ("Compl."), ECF No. 1-1.) Stoddard served the complaint on Defendant on October 16, 2019. (Decl. of Sagi Schwartzberg ("Schwartzberg Decl.") ¶ 3, Ex. 2 ("Proof of Service"), ECF No. 8-1.) In his complaint, Stoddard alleged that he is a California resident and Defendant is a Pennsylvania corporation. (Compl. ¶¶ 1–2.) He asserted two causes of action, first for breach of contract with damages in the amount of $90,000, and second for breach of the implied covenant of good faith and fair dealing. (Compl. ¶¶ 18–30.)

In a November 8, 2019 correspondence concerning the initial complaint, Defendant notified Stoddard of its intent to remove the matter to federal court based on diversity jurisdiction. (Schwartzberg Decl. ¶ 4, Ex. 3 ("November Letter").) However, rather than remove, Defendant demurred to the initial complaint in December 2019. (Schwartzberg Decl. ¶ 5.) On January 28, 2020, Stoddard amended his complaint to add specific insurance policy language, facts concerning the breach

of implied covenant cause of action, and a declaratory relief cause of action. (Schwartzberg Decl. ¶ 6, Ex. 4 ("FAC").) Then, on February 26, 2020, Defendant removed this matter to federal court based on diversity jurisdiction. (Notice of Removal ¶¶ 3–5.)

Stoddard now moves to remand the action on the grounds of Defendant's untimely removal. (*See* Mot.)

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a). The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.* A plaintiff objecting to removal may move for remand due to lack of subject matter jurisdiction or another defect, such as the timeliness of removal. *See* 28 U.S.C. § 1447(c).

### IV. DISCUSSION

Stoddard does not contest that diversity jurisdiction exists under 28 U.S.C. § 1332. (Mot. 5.) Instead, Stoddard challenges Defendant's removal as untimely, filed more than thirty days after service of the initial complaint. (Mot. 5.)

Timeliness of removal is governed by 28 U.S.C. § 1446(b). That section requires "that a notice of removal be filed within thirty days of receipt from the plaintiff of an initial pleading or other document from which it is ascertainable that the

case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013) (citing 28 U.S.C. §§ 1446(b)(1) & (b)(3)). Section 1446(b) "place[s] strict limits on a defendant who is put on notice of removability by a plaintiff." *Id.* at 1125.

Defendant does not contest that Stoddard's initial complaint, served on October 16, 2019, put Defendant on notice that this case was removable. (*See generally* Opp'n to Mot., ECF No. 11.) Indeed, Defendant cannot, as Defendant confirmed in its November Letter to Stoddard that it intended to remove the case based on diversity jurisdiction, "[b]ecause the parties are of diverse citizenship, and the amount in controversy exceeds $75,000." (November Letter 2.) Thus, Defendant had notice of the removability of the action from the initial complaint.

Defendant appears to argue that its time period to remove restarted following Stoddard's amended complaint, pursuant to section 1446(b)(3). (*See* Opp'n 3 (arguing that section 1446(c)(1), which specifically concerns section 1446(b)(3), permits a party to remove up to one year after commencement of the action).) However, section 1446(b)(3) applies when a defendant cannot ascertain from the initial pleading that the case is removable or "the case only becomes removable sometime after the initial commencement of the action." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). Section 1446(b)(3) does not apply when the defendant has notice of removability from the initial pleading. *See Dunn v. Gaiam, Inc.*, 166 F. Supp. 2d 1273, 1278 n.6 (C.D. Cal. 2001) (noting that section 1446(b)(3) is inapplicable where the defendants believed the action was removable based on the initial complaint.) Such is the case here, where Defendant confirmed in its November Letter that it understood the action was removable based on the initial complaint.

Accordingly, the removal period began to run on October 16, 2019, when Stoddard served Defendant with the initial complaint. Defendant had thirty days from that date, until November 15, 2019, to file its removal. Yet, Defendant did not remove

until February 26, 2020, well beyond this deadline. Consequently, Defendant's removal is untimely.

Construing the removal statute strictly against removal, and in view of Defendant's correspondence confirming it had notice of removability from Stoddard's initial complaint, the Court finds Defendant's removal untimely and remand proper. Accordingly, the Court **GRANTS** Stoddard's motion for remand.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Stoddard's Motion and **REMANDS** the action to the Superior Court of California, County of Riverside, Riverside Hall of Justice, 4100 Main Street, Riverside, CA 92501, Case No. RIC1905137. (ECF No. 8.) Accordingly, the Court **DENIES as moot** Defendant's Motion to Strike and Motion to Dismiss. (ECF Nos. 6, 7.) The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

March 31, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**